IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERTO VERA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-03018-D (BT) |
| | § | |
| WARDEN LOPEZ, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Roberto Vera, a state prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the Court should dismiss the petition for want of prosecution under Federal Rule of Civil Procedure 41(b).

I.

Vera did not pay the filing fee or file a motion to proceed *in forma pauperis* when he initiated this case. On February 11, 2020, the Court sent Vera a notice of deficiency, which informed him that he had 30 days to pay the filing fee or file a motion to proceed *in forma pauperis*. The Court warned Vera that failure to cure this deficiency within 30 days could result in a recommendation of dismissal. More than 30 days have passed, and Vera has failed to respond to the Court's order.

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the

federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Vera has failed to either pay the filing fee or file a motion to proceed *in forma paupers*. And he has failed to respond to the Court's orders to cure this deficiency. Accordingly, the petition should be dismissed under Rule 41.

### III.

For the foregoing reasons, the Court should dismiss Vera's petition without prejudice under Federal Rule of Civil Procedure 41(b).

Signed May 29, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).