IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERTO VERA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-03018-D (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, et al., | § | |
|     Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Roberto Vera, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Vera's petition without prejudice for failure to exhaust state remedies.

I.

Vera was charged by indictment in Hunt County, Texas with aggravated assault of a public servant, evading arrest with a vehicle, and unlawful possession of a firearm by a felon. The indictment included a sentence enhancement paragraph, which alleged that he had a prior state felony conviction for possession of a controlled substance with intent to deliver. Vera confessed to the allegations in the indictment, waived his rights, and pleaded guilty to aggravated assault against a public servant. The

1

two remaining counts in the indictment were dismissed. On August 7, 2019, Vera was sentenced to twenty years' imprisonment.

Vera did not directly appeal his conviction, and it appears that he never filed a state habeas application concerning his conviction. On October 17, 2019, however, Vera filed a petition seeking to be returned to federal custody to serve his prior federal sentence on the basis that the State of Texas had no legal basis no hold him. Pet. (ECF No. 3). He sought enforcement of his federal sentence in *United States v. Vera*, Case No. 3:17-CR-0017-B in the Northern District of Texas, where he pleaded guilty to possession with intent to distribute a controlled substance. *See Vera*, No. 3:17-CR-00017-B-1, ECF Nos. 870. As a result of his federal guilty plea, Vera was sentenced to 360 months' imprisonment. *See id*. When Vera filed the petition seeking a return to federal custody, he filed it in *United States v. Vera*, Case No. 3:08-CR-00068-D-3, a case involving an unrelated prior federal conviction for possession of counterfeit obligations. *See Vera*, No. 3:08-CR-00068-D-3, ECF Nos. 81, 155. In that case, the Government filed a response, which detailed Vera's criminal history, including his conviction in Hunt County. *See id.*, ECF No. 158; *see also* Answer, Ex. B (ECF No. 12-2) at 2-7. The response concludes that Vera is being "lawfully [held] in State custody." Answer, Ex. B (ECF No. 12-2) at 3.

On December 19, 2019, the District Court construed Vera's filing as a petition for writ of habeas corpus under 28 U.S.C. § 2254 attacking his state

2

conviction and sentence, opened this case, and provided him with the appropriate form for his petition. Ord. (ECF No. 2); *see also Vera*, No. 3:08-CR-00068-D-3, ECF No. 159. On January 1, 2020, Vera filed an amended petition, in which he argues: (1) on January 30, 2017, he was released from state custody and informed his charges were being disposed of because the U.S. Marshals Service was taking custody of him and "picking up the charges;" (2) there was no confirmation of indictment; (3) his detainer is based on his federal judgment and conviction; and (4) his Fifth and Sixth Amendment rights were violated. Am. Pet. (ECF No. 5).

II.

Before a state prisoner seeks a federal writ of habeas corpus, he must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1)(A). In Texas, a petitioner can exhaust his state remedies by pursuing one of two avenues: (1) he can present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review; or (2) he can file an application for writ of habeas corpus in the Texas Court of Criminal Appeals. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). A claim is deemed unexhausted if a petitioner has the right under state law to raise it through any available procedure and fails to do so. 28 U.S.C. § 2254(c). Exhaustion can be excused only when a petitioner can demonstrate "exceptional circumstances of peculiar urgency." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Federal courts dismiss without prejudice a federal petition for writ of habeas

3

corpus when the grounds contained therein have not been exhausted. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Here, the Texas Court of Criminal Appeals (CCA) has not considered any of Vera's claims on the merits. Indeed, it does not appear that he has presented his claims to the court in a petition for discretionary review (PDR) or a state habeas application. Moreover, because Vera can still file a state habeas application, his claims are unexhausted under § 2254(c), and there are state procedures available that would allow him to present his claims. Accordingly, Vera has therefore failed to demonstrate that he exhausted his available state remedies before filing his petition in this Court, and he cannot show that his exhaustion can be excused. *See Deters*, 985 F.2d at 795.

Respondent also argues that, in the alternative, Vera's claims are conclusory and meritless. Because he has failed to demonstrate that his claims are exhausted, the Court should pretermit consideration of these additional arguments.

III.

The Court should DISMISS Vera's petition without prejudice for failure to exhaust state remedies.

Signed May 12, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*